UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HACKERT, M.D., | No. 2:15-cv-1248 KJM CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

Pending before the court are plaintiff's motions to remand and to dismiss defendants' counterclaims. The motions were submitted on the papers. Upon review of the documents in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

This action was removed from state court on the basis of ERISA preemption. See ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B). Plaintiff moves to remand the matter to state court and to dismiss defendants' counterclaim.[1] Defendants oppose the motion to remand, contending

---

[1] Plaintiff moves to dismiss on the same basis as the motion to remand. Plaintiff contends that his claims are not preempted under ERISA and therefore this court lacks subject matter jurisdiction. Because the court finds that the action was properly removed, plaintiff's contention with respect to dismissal is equally unavailing. Moreover, plaintiff's motion to dismiss the counterclaim was filed June 26, 2015. Defendants timely filed as a matter of right a first amended counterclaim on July 17, 2015, thereby mooting the motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B). The court will accordingly recommend that the motion to dismiss be denied.

1

that plaintiff sought payment from defendants as an assignee of ERISA plan beneficiaries and thus could have brought his claims under ERISA. Defendants also contend that plaintiff has no claims independent of ERISA because the exhibits to the complaint state that the terms of reimbursement are governed by the members' health benefit plans, and as such, the court must analyze the health benefit plans, which triggers ERISA preemption. Both of these contentions are well taken.

In determining whether ERISA preempts plaintiff's claims, the court uses a two-prong test. See Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). A state law cause of action is completely preempted if (1) an individual, at some point in time, could have brought the claim under ERISA and (2) no other independent legal duty is implicated by defendant's actions. See Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 946 (9th Cir. 2009). As an assignee of plaintiff's patients, plaintiff has sought reimbursement for medical services provided to his patients.[2] See Affidavit of Cheri Baron, ¶ 6 (ECF No. 12-1). Plaintiff could therefore have brought his claims under ERISA. See Blue Cross v. Anesthesia Care Associates Medical Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999). With respect to the second prong, plaintiff contends that his claim for negligent misrepresentation is not federally preempted under ERISA. Plaintiff alleges that there was no agreement regarding reimbursement between the parties and that his claim for reimbursement is predicated on general reimbursement policies he downloaded from defendant's website. The exhibits plaintiff has attached to his second amended complaint state that "an individual's benefit plan document **always supercedes** the information in a reimbursement policy." ECF No. 1-12 at pp. 27, 33 (emphasis in original). Because the reimbursement policy on which plaintiff relies on its face requires an analysis of the underlying ERISA health benefit plans, plaintiff's negligent misrepresentation claim is not independent of ERISA. This action was therefore properly removed.

---

[2] "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The court has therefore considered the evidence submitted by defendants in opposition to the motion to remand for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for remand (ECF No. 6) be denied; and

2. Plaintiff's motion to dismiss defendants' counterclaims (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hackert1248.rem