UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HACKERT,<br><br>                    Plaintiff,<br><br>         v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>                    Defendants. | No.  2:15-cv-1248 KJM CKD PS<br><br><br>ORDER |

        This matter was referred to the assigned United States Magistrate Judge under Local Rule 302(c)(21). On September 3, 2015, the Magistrate Judge filed findings and recommendations on plaintiff John Hackert's motions to dismiss and remand, recommending both motions be denied. ECF No. 14. The findings and recommendations were served on the parties and gave notice that any objections were to be filed within fourteen days.

        Hackert filed timely objections. *See* Objections, ECF No. 15. He argues the Magistrate Judge incorrectly determined he sought reimbursement from defendant Cigna Health and Life Insurance Company as an assignee of rights under the Employee Retirement Income Security Act (ERISA). *Id.* at 4–7. He also objects to the Magistrate Judge's conclusion that this court has subject matter jurisdiction over a certain subset of his claims. *Id.* at 7. Cigna responded to Hackert's objections, arguing the Magistrate Judge correctly found Hackert sought

reimbursement as an assignee and arguing this court has supplemental jurisdiction over any state-law claims in the complaint. Response, ECF No. 16.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately here only to address Hackert's objections.

I. RELEVANT LEGAL STANDARDS

A defendant may remove an action originally filed in state court if the federal court would have original subject matter jurisdiction over that action. 28 U.S.C. § 1441; *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). Federal courts have original subject matter jurisdiction over any action arising under the laws of the United States. 28 U.S.C. § 1331; *Moore-Thomas*, 553 F.3d at 1243. "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983). As relevant to this case, ERISA completely preempts a plaintiff's state-law claims if both (1) at some point in time, he could have brought that claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and (2) the defendant's actions implicate no other independent legal duty. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009).

A plaintiff may contest removal in a motion to remand. *Moore-Thomas*, 553 F.3d at 1244. In response to such a motion, the defendant bears the burden to show removal was proper. *Id.* The court may consider evidence extrinsic to the pleadings if necessary to resolve relevant factual disputes concerning jurisdiction. *See, e.g.*, *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire . . . into the facts as they exist); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (allowing consideration of "summary-judgment-type evidence").

II.     DISCUSSION

    A.     Assignment of Rights

A healthcare provider has standing to bring an ERISA action against an insurance fund, and ERISA completely preempts a related state law claim, when the provider sues as the assignee of a patient's rights to benefits under an ERISA plan. *See, e.g.*, *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001); *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995). Given this authority, the Magistrate Judge found removal was proper because Hackert had sought reimbursement for medical services provided to his patients as their assignee. Findings & Recommendations at 2. The Magistrate Judge relied on the declaration of Cheri Baron, a Cigna claims service analyst, who averred that Hackert had submitted claims for benefits under an assignment of rights. *See* Baron Decl. ¶ 5, ECF No. 12-1; *id.* Ex. A, at 9.[1]

As noted above, Hackert objects to this finding and argues he is not an assignee of any patient's rights. *See* Objections at 4. He cites the declaration he submitted in support of the motion to remand, averring he is "not a fiduciary, beneficiary, or assignee of any beneficiary of any CIGNA patient vis-à-vis ERISA." Hackert Decl. ¶ 3, ECF No. 6. He explains he has no "assignment of benefits on file for any CIGNA patient, written or otherwise." *Id.* ¶ 4. Perhaps in anticipation of the very response Cigna gave in its opposition to his motion, he explains further: "Although the claim submission protocols of my former or current billing services may potentially suggest that there was assignment of benefits, no actual assignment of benefits exists for any of the claims I have submitted to CIGNA through the agency of a billing service, or otherwise." *Id.* ¶ 6.

On the other hand, Hackert also acknowledges he could not bring a claim against Cigna here unless he had either negotiated an agreement to do so or filed a claim on his patients' behalf. Objections at 6. He explains, "The claims in question were . . . filed on behalf of the patients to whom the benefits were owed" because "the average patient, if billed directly by the

---

[1] To avoid confusion, the pages cited are those printed on the top right corner by the CM/ECF system.

provider, would most likely feel incapable of submitting a claim to an insurance entity like CIGNA." *Id.*

In sum, the evidence shows Hackert submitted claims on his patients' behalf, his billing system suggested his patients had assigned him their right to do so, and Cigna's records show those claims were submitted under an assignment of rights. Hackert's bare averment that he is not an assignee and has no assignment agreement "on file" does not counterbalance these facts. In light of this evidence, Cigna has carried its burden to show Hackert submitted claims as his patients' assignee and would have standing to bring an ERISA action, and the removal was proper. In a similar case, another district court concluded similarly. *See Spring E.R., LLC v. Aetna Life Ins. Co.*, No. 09-2001, 2010 WL 598748, at *3–4 (S.D. Tex. Feb. 17, 2010).

B. Supplemental Jurisdiction

Hackert objects that the Magistrate Judge tacitly and improperly lumped together (1) the claims Cigna argues were preempted by ERISA and (2) other claims involving a Health Maintenance Organization (HMO), for which he claims an independent California statutory remedy exists. *See* Objections at 7. Assuming without deciding that the court would lack independent subject matter jurisdiction over these HMO-related claims, because all Hackert's claims arise within the same factual circumstances, this court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

III. CONCLUSION

1. The findings and recommendations filed September 3, 2015 are adopted in full;
2. Plaintiff's motion for remand, ECF No. 6, is denied; and
3. Plaintiff's motion to dismiss defendants' counterclaims, ECF No. 7, is denied.

IT IS SO ORDERED.

DATED: January 11, 2016.

UNITED STATES DISTRICT JUDGE

4