UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HACKERT,<br><br>             Plaintiff,<br><br>       v.<br><br>CIGNA HEALTH AND LIFE<br>INSURANCE COMPANY, et al.,<br><br>             Defendants. | No.  2:15-cv-1248 KJM CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is defendants' motion for summary judgment.[1] Because oral argument is not of material assistance, and pursuant to the request of the plaintiff, this matter was submitted on the briefs. E.D. Cal. L.R. 230(g).  Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, removed from state court, plaintiff alleges claims arising out of his provision of surgical assistant services to 28 patients insured by employer self-funded health insurance plans, which were administered by the Cigna defendants ("Cigna"). In addition,

---

[1] A first amended counterclaim was filed on July 17, 2015. ECF No. 11. Plaintiff has not moved for summary judgment on the counterclaim.  As discussed below, the undersigned finds that summary judgment should be granted for defendants.  In the event that these findings and recommendations are adopted by the District Judge, the case will proceed to trial solely on the first amended counterclaim.

1

plaintiff alleges claims as to four patients insured by Cigna.  Plaintiff alleges claims for breach of implied contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation; quantum meruit, injunctive relief and declaratory relief.  ECF No. 1-13 (Second Amended Complaint).  The matter was properly removed from state court on the basis of preemption under the Employee Retirement Income Security Act ("ERISA").  See ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B); ECF Nos. 14, 21.

        Defendants move for summary judgment.  Defendants contend that as to the 28 claims subject to ERISA, plaintiff's state law claims are preempted and plaintiff failed to exhaust the plans' internal administrative remedies for the self-funded claims before bringing the instant action.  With respect to the assistant surgeon services provided to the four patients for whom state law claims are not preempted, defendants contend that plaintiff cannot establish an essential element of each of the claims.

        Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R. Civ. P. 56(c)(1)(A).

        Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party 's case necessarily renders all other facts immaterial."  Id.

        If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the


existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party,  see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

/////

Defendants contend that with respect to the 28 patients who were insured by employer self-funded plans which were administered by defendants, plaintiff's state law claims are preempted under ERISA. This contention is correct. Under ERISA, all state laws are preempted insofar as they relate to an employee benefit plan. ERISA § 514(a); 29 U.S.C. § 1144(a). The specific civil remedies set forth under ERISA are the exclusive means by which plan participants and beneficiaries may recover benefits under an ERISA employee benefit plan. ERISA § 502(a); 29 U.S.C. § 1132(a)(1)(B). If a claim can be brought under section 502(a) of ERISA, any state law claims are preempted. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46-47 (1987); see also Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124 (9th Cir. 1992) (claims for breach of contract and breach of implied covenant of good faith and fair dealing preempted). A healthcare provider who has been assigned the benefits of an ERISA plan participant stands in the shoes of the participant and has standing to sue the plan under ERISA. See Misic v. Building Service Employees Health and Welfare Trust, 789 F.2d 1374, 1378-79 (9th Cir. 1986) (claims of assignee-healthcare provider subject to preemption to same extent as if they had been brought by beneficiary).

In this case, the undisputed facts establish that plaintiff's state law claims are subject to preemption. Plaintiff brings his claims as to the 28 patients insured by employer self-funded plans as an assignee of the patients.[2] ECF No. 23-2 (Defendants' Statement of Undisputed Facts, no. 11). As such, plaintiff's exclusive remedy was to bring a claim under section 502(a) of ERISA. Plaintiff contends that his state law claims were automatically converted to a claim under section 502. This contention is simply unsupported in the case law. See generally Aetna v. Davila, 542 U.S. 200, 209 at n.7 (2004) (state law claims state federal claims under ERISA only for purposes of removal; case dismissed when plaintiffs failed to amend complaint to state claim under section 502 after motion to remand denied). Plaintiff's remedy was to timely amend his complaint to allege a claim under ERISA. This action was commenced in state court on October

---

[2] On the motion to remand, plaintiff asserted that he was not an assignee, an assertion expressly rejected by the District Court. See ECF No. 21 at 4:3-8. In the opposition, plaintiff does not contest that he brings his claims as an assignee.

27, 2014. Plaintiff thereafter amended his complaint twice prior to the removal of the action to this court on June 10, 2105. At no time during the pendency of this action in federal court has plaintiff sought leave to amend the complaint to state a claim under section 502.

Plaintiff now seeks leave to amend the complaint. As an initial matter, the court notes the untimely nature of the request in that discovery is closed, the pretrial conference is set for November 18, 2016, and trial is set for January 17, 2017. ECF No. 20. In addition, amendment would be futile. Plaintiff failed to exhaust the appeals procedures prescribed under the plans.[3] ECF No. 23-2, nos. 11, 12, 13. The failure to exhaust his administrative remedies is fatal to plaintiff's claims. See Amato v. Bernard, 618 F.2d 559, 566-568 (9th Cir. 1980) (as matter of sound public policy, exhaustion required under ERISA); see also Diaz v. United Agr. Employee Welfare Ben. Plan and Trust, 50 F.3d 1478 (9th Cir. 1995).[4]

With respect to the four patients directly insured by Cigna, plaintiff's claims are not preempted by ERISA. Defendants contend that as to each claim, plaintiff cannot establish an essential element. The undisputed facts establish that defendants' contention is well taken.

As a first cause of action, plaintiff alleges breach of contract. To prevail on a claim for breach of contract, plaintiff must establish (1) the existence of a contract; (2) plaintiff's performance or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. See Oasis West Reality, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011); see also Yari v. Producers Guild of America, Inc., 161 Cal App. 4th 172, 182 (2008) (cause of action for breach of implied contract has same elements as cause of action for breach of contract, except promise is not expressed in words but implied from promisor's conduct).

---

[3] Plaintiff's submission of a single appeal letter, submitted on behalf of patient Laura C., does not comply with the plans' specific appeal processes. Plaintiff submits no other evidence controverting defendants' undisputed facts regarding plaintiff's failure to exhaust.

[4] Plaintiff contends that defendants should be equitably estopped from asserting the defense of failure to exhaust. The court finds no basis on the record before it for equitable estoppel. See City of Hollister v. Monterey Ins. Co., 165 Cal. App. 4th 455, 488 (2008) (party to be estopped must have engaged in inequitable conduct that cause other party to suffer disadvantage and equitable considerations warrant conclusion first party should not be permitted to exploit advantage inflicted on second party).

Plaintiff here admits that he did not have a written contract with defendants and that he was informed in January 2011 that he was a non-contracted Cigna provider.  ECF No. 23-2, nos. 3, 6; ECF No. 40 at 8:17, 30:20-23.[5]  Plaintiff did not seek authorization from defendants to provide assistant surgeon services prior to the surgeries; defendants only learned that assistant surgeon services had been provided by plaintiff after defendants received plaintiff's bills.  ECF No. 23-2, nos. 7, 8.  Defendants made no promise to plaintiff to pay for assistant surgeon services.  ECF No. 23-2, no. 10.  Under these circumstances, plaintiff cannot establish an essential element of his contract claim, i.e. the existence of a contract.  See Weddington Productions, Inc. v. Flick, 60 Cal. App. 4th 793, 811 (1998) (if no evidence establishes manifestation of assent to same thing by both parties, then no mutual consent to contract and no contract formation).

Plaintiff also alleges that defendants breached the implied covenant of good faith and fair dealing.  Under California law, the existence of a contractual relationship is a legal and factual predicate of a claim for breach of implied covenant of good faith and fair dealing.  See Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1990); Rancine & Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992) (no obligation to deal fairly or in good faith absent an existing contract).  Here, plaintiff cannot establish the existence of a contractual relationship.  As a result, plaintiff fails to make a showing sufficient to establish the existence of an element essential to this cause of action.

As a third cause of action, plaintiff alleges a claim for negligent misrepresentation.  To prevail on this claim, plaintiff must demonstrate "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007).  Plaintiff here admits that he knew that he was a non-contracted provider and that he never sought authorization to perform assistant surgeon services on the four Cigna patients

---

[5] Although plaintiff "denies" undisputed fact no. 6, in opposition plaintiff only declares that he was told he was non-PAR, which he understands to mean "non-contracted."  ECF No. 40-1 at 2:5-11.  Plaintiff's declaration does not controvert the undisputed fact.

at issue.  In opposition to the pending motion, plaintiff cites no evidence that defendants misrepresented plaintiff's provider status or made any other misrepresentation.  Defendants are therefore entitled to summary judgment on this claim.

Plaintiff further alleges a claim for quantum meruit.  To prevail on this claim, plaintiff must establish that he "was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." Ochs v. PacifiCare of California, 115 Cal. App. 4th 782, 794 (2004).  Plaintiff fails to adduce any evidence that defendants either expressly or impliedly requested plaintiff to provide assistant surgeon services.  The undisputed facts establish that neither plaintiff nor his patients requested authorization from defendants prior to plaintiff providing these services, nor was any request made by defendants to do so.  ECF No. 23-2, nos. 6, 7, 10.  Summary judgment against plaintiff is therefore proper on this claim.

Plaintiff further alleges a claim for injunctive relief based on defendants' alleged violation of the California Unfair Competition Law.  See Cal. Bus. & Prof Code §§ 17200, 17203.  A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Daro v. Superior Court, 151 Cal. App. 4th 1079, 1092-93 (2007); Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994) (violation under "unlawful" prong of UCL requires underlying violation of law); Drum v. San Fernando Valley Bar Ass'n, 182 Cal. App. 4th 247, 256 (2010) (claim under "unfair" prong requires showing that defendant engaged in practice that violated specific constitutional, statutory, or regulatory provision or that utility of alleged business practice outweighed by harm to consumers); Hall v. Time Inc., 158 Cal. App. 4th 847, 855 (2008) (claim under "fraudulent" prong of UCL requires showing of reliance on alleged misrepresentation).  In opposition, plaintiff cites California regulations but cites no evidence supporting a violation by defendants of those regulations.  Plaintiff here admits he was a non-participating provider; the undisputed facts establish that the services provided were for elective, not emergency, procedures and that plaintiff was paid pursuant to the terms of the health insurance policies applicable to each of the four

patients.  ECF No. 23-2, nos. 3, 4, 5, 6, 9.  Plaintiff fails to demonstrate defendants engaged in unlawful, unfair, or fraudulent conduct.

Finally, plaintiff brings a claim for declaratory relief under California Code of Civil Procedure § 1060.  To prevail on this claim, plaintiff must demonstrate an "actual controversy involving justiciable questions relating to the rights or obligations of a party."  Brownfield v. Daniel Freeman Marina Hospital, 208 Cal. App. 3d 405, 410 (1989).  It is undisputed that plaintiff is a non-participating provider, that defendants pay non-participating or out-of-network providers pursuant to the terms of the applicable insurance policy and that plaintiff was paid pursuant to those policies.  ECF No. 23-2, nos. 3, 4, 6; Nguyen Declaration, Exh. B.  Plaintiff here presents no evidence of an actual controversy.  Summary judgment is therefore appropriate as to this claim.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 23) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hackert1248.57