UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. HACKERT, M.D. | Civ. No. 2:15-cv-01248-KJM-CKD PS |
| Plaintiff, | |
| v. | AMENDED FINAL PRETRIAL ORDER |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTH CORPORATION; CIGNA HEALTHCARE OF CALIFORNIA, INC.; and DOES 1-10, | |
| Defendants. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTH CORPORATION; CIGNA HEALTHCARE OF CALIFORNIA, INC., | |
| Counterclaimants, | |
| v. | |
| JOHN B. HACKERT, M.D., | |
| Counterdefendant. | |

On March 21, 2017, the court entered summary judgment for defendants on each of John Hackert's claims. Order, ECF No. 52. Defendants' seven counterclaims against Hackert now remain to be tried. First Am. Countercomplaint ("CounterCompl."), ECF No. 11. On June 16,

2017, the court held a final pretrial conference on these remaining counterclaims, at which counterclaim defendant John B. Hackert represented himself and Jennifer V. Nguyen represented counterclaimants Cigna Health Corporation and Cigna Healthcare of California, Inc. (collectively, "Cigna"). Mins., ECF No. 70. The court issued a final pretrial order on June 29, 2017. ECF No. 78.

Both parties have filed timely objections to the final pretrial order. Hackert takes issue with the order's summary nature, repeats and expands his legal arguments, and seeks to incorporate more factual detail. ECF No. 81. Hackert's objections do not provide good cause to amend the order; they are overruled. Cigna proposes three specific amendments. ECF No. 80. Good cause appearing, the court incorporates Cigna's proposed amendments below.

JURY TRIAL

Trial on Cigna's seven counterclaims is confirmed to begin **November 13, 2017 at 9:00 a.m.** before the undersigned as requested in the parties' June 26, 2017 joint stipulation. Mr. Hackert requests a jury trial, and Cigna objected belatedly to a jury trial at conference. The parties shall brief the issue of whether Mr. Hackert has the right to a jury trial on the counterclaims. Briefs of no more than 10 pages each are due simultaneously by **5:00 p.m. on July 30, 2017**.

STATEMENT OF THE CASE

Cigna's counterclaims against Hackert derive from the following allegations. Hackert, a surgeon, allegedly represented to Cigna, a healthcare services corporation, that certain Cigna members had authorized Cigna to pay their medical benefits to Hackert. Countercompl. ¶¶ 5, 7. Cigna contends no such assignment was ever made, and even if it was, the amounts Cigna paid Hackert were greater than what was contractually required. Cigna brings the following seven claims against Hackert:

1. Claim for recovery of overpayment of plan benefits under 29 U.S.C. § 1132(a)(3);
2. Unjust Enrichment;
3. Constructive Trust;
4. Common Count, Money Had and Received;

    5. Fraud;

    6. Negligent Misrepresentation; and

    7. Unfair Competition, California Business and Professions Code §§ 17200, *et seq.*

Countercompl. ¶¶ 10-53.

The parties have not submitted their own joint statement of the case. Should trial proceed to a jury, the parties' joint statement is due by the first day of trial.

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, given Cigna's federal claim. Venue is proper based on 28 U.S.C. § 1441(a).

UNDISPUTED FACTS

The following facts are undisputed:

1. Cigna is a health services company. Cigna sells health insurance and health plans to employers and consumers throughout the United States. Cigna also contracts with large employers and unions to be the administrator of self-funded plans governed by the Employee Retirement Income Security Act ("ERISA").

2. Hackert is a surgeon. He closed his former primary surgeon practice at the end of 2010 to work exclusively as an assistant surgeon.

3. On or about October 27, 2014, Hackert filed a complaint against Cigna in the Sacramento County Superior Court alleging Cigna underpaid him on 32 claims for assistant surgeon services.

4. Cigna removed the case to federal court. Not. of Removal, ECF No. 1 (June 10, 2015).

5. The Magistrate Judge issued Findings and Recommendations granting summary judgment for Cigna on each of Hackert's claims. ECF No. 47 (November 9, 2016).

6. This court adopted the Magistrate Judge's recommendations in full. ECF No. 52 (March 21, 2017).

7. On June 19, 2015, Cigna filed and then on July 17, 2015 amended, counterclaims against Hackert based on its alleged overpayments. ECF No. 11.

8. Hackert answered the amended countercomplaint on February 8, 2016. ECF No. 22.

DISPUTED FACTUAL ISSUES

The following facts are disputed and will be addressed at trial:

1. Whether Hackert received assignments of benefits from any Cigna members whose claims are at issue in this action.

2. In the alternative, if Hackert did receive assignments of benefits from the Cigna members, whether the members' health plan obligates Cigna to pay Hackert's bills; and if so, whether Cigna overpaid Hackert.

SPECIAL FACTUAL INFORMATION

None.

DISPUTED EVIDENTIARY ISSUES

The parties have identified the following potential motions in limine. Any such motions shall be filed fourteen days before trial, with oppositions due seven days thereafter.

Hackert

1. Hackert anticipates disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence.

2. Hackert also anticipates disputes over the "[u]se of special technology at trial, including computer animation, video discs, and other high technology."

Cigna

1. Cigna anticipates Hackert will attempt to testify in a narrative fashion, thus denying Cigna the opportunity to object when appropriate. Cigna requests that Hackert be required to testify in a question and answer format.

2. Cigna anticipates Hackert will attempt to introduce documents into evidence without establishing the evidentiary foundation for the documents. Disputed issues include alleged business records and emails that cannot be authenticated, and hearsay statements for which there is no exception to the hearsay rule.

/////

3. Cigna anticipates Hackert will attempt to introduce inadmissible hearsay testimony, including alleged conversations with patients, Cigna customer service representatives, and other physicians not a part of this litigation.

4. Cigna anticipates Hackert will attempt to offer expert opinion where he is not a qualified expert. This includes opinions on the applicability and determination of reasonable and customary value of healthcare services in the geographic region.

STIPULATIONS

None.

RELIEF SOUGHT

Cigna seeks the following from its counterclaims:

1. Damages in the amount Cigna overpaid Hackert for health care services rendered to Cigna members, in an amount to be proved at trial;

2. An order that Hackert is a constructive trustee of Cigna's overpayments to Hackert, for the benefit of Cigna;

3. Injunctive relief ordering Hackert to cease the illegal, unfair, and/or fraudulent practices of misrepresenting to Cigna that he had received assignments of benefits from Cigna members, indicating that the Cigna members had authorized payment of their medical benefits to Hackert when in fact there was no such assignment; a declaration that such practices are illegal, unfair, and/or fraudulent; restitution; and/or disgorgement of funds Hackert received;

4. Cigna's costs of suit and interest on any judgment award; and

5. Attorneys' fees under Civil Procedure Code section 1021.5, arguing the relief sought in this case, if granted, will vindicate important rights affecting the public interest, including but not limited to, California's proscriptions against fraudulent billing.

POINTS OF LAW

The court has received the parties' points of law. The parties may file trial briefs of up to twenty (20) pages each addressing these points more fully and in a focused manner. Trial briefs are due seven days before trial. *See* Local Rule 285.

ABANDONED ISSUES

None.

WITNESSES

Hackert's witnesses are listed in attachment A; Cigna's are listed in attachment B. Each party may call any witnesses designated by the other.

1. The court will not permit any other witness to testify unless:
    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference; or
    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in "2," below.
2. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:
    a. The witness could not reasonably have been discovered prior to the discovery cutoff;
    b. The court and opposing parties were promptly notified upon discovery of the witness;
    c. If time permitted, the party proffered the witness for deposition; and
    d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

Hackert's exhibits are listed in attachment C; Cigna's are listed in attachment D.[1] At trial, Cigna's exhibits shall be listed numerically and Hackert's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, BB, CC, etc., and so on. The court directed the parties to meet and

---

[1] Hackert's list provides some additional details as the court directed. Cigna's list includes far more than the one additional exhibit it suggested it would add.

confer before the first day of trial to identify exhibits that may need to be redacted to mask patient names and identify information, as the local rules require. The court also directed Cigna to provide Hackert with the exhibit spreadsheet it had brought to the conference.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

1. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:
    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
    b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.
2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:
    a. The exhibits could not reasonably have been discovered earlier;
    b. The court and the opposing parties were promptly informed of their existence; and
    c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

*/////*

DEPOSITION TRANSCRIPTS

Parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

DISCOVERY DOCUMENTS FOR USE AS IMPEACHMENT

   A. Hackert's Discovery Documents

      1. Cigna's response to Hackert's requests for admissions set one;

      2. Cigna's response to Hackert's requests for production set one; and

      3. Cigna's response to Hackert's special interrogatories set one.

   B. Cigna's Discovery Documents[2]

      1. Deposition transcript of John B. Hackert dated May 6, 2016, and any deposition testimony needed to authenticate any exhibits at trial;

      2. Health Insurance Claim Form 1500 (Hackert's bills to Cigna) for all 32 claims;

      3. Explanation of Benefits (Cigna's payments to Hackert) for all 32 claims;

      4. Health Plan Documents for all 32 claims; and

      5. Cigna Reimbursement Policy for Assistant Surgeons.

FURTHER DISCOVERY OR MOTIONS

   None.

AMENDMENTS/DISMISSALS

   None.

SETTLEMENT

The parties participated in a court-convened settlement conference before Magistrate Judge Kendall J. Newman on **June 30, 2017**, but they did not settle. *See* Settlement Minutes, ECF No. 79.

SEPARATE TRIAL OF ISSUES

Neither party requests a separate trial of issues.

---

[2] Because this order lists as a "disputed fact" whether Hackert received any assignment of benefits from the relevant Cigna patients, the court approves Cigna's request to change the wording in this exhibit list to pertain to "all 32 claims" in lieu of the prior ambiguous phrase, "the claims at issue in this action." *See* ECF No. 78 at 8:14-16.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None needed.

ATTORNEYS' FEES

As noted above, Cigna will seek attorneys' fees if it prevails under Civil Procedure Code section 1021.5, because it says the relief sought herein, if granted, will vindicate important rights affecting the public interest, including, but not limited to, California's proscriptions against fraudulent billing. Hackert opposes.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire following the court's voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

IT IS SO ORDERED.

DATED: August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE

ATTACHMENT A: Hackert's Witness List

1. John Hackert, M.D., 4413 Sophistry Drive, Rancho Cordova, CA 95742.
2. The Cigna Provider Relations agent named Deedee who answered Hackert's call on January 7, 2011 via the number 800-882-4462.
3. The Cheri Baron of Cigna who provided the declaration appearing in the record as ECF No. 12-1.
4. Expert witness: Chris Leavitt, Esq., 621 Capitol Mall, 25th Floor, Sacramento, CA 95814, in his former capacity as Assistant Chief Counsel to the California Department of Managed Health Care.

ATTACHMENT B: Cigna's Witness List

1. Emily Russell, who can be reached through counsel for Cigna.
2. John Hackert, M.D., 4413 Sophistry Drive, Rancho Cordova, CA 95742.

ATTACHMENT C: Hackert's Exhibit List

1. Claim form for patient L.A., including its attachments, corresponding to the Claim Number appearing in Paragraph 8 of the counterclaim and to the date of service indicated on The New Spreadsheet (two separate claims for two different services had been submitted to Cigna for this patient, only one of which apparently is being prosecuted as "overpaid" by Cigna).

2. Remittance Advice corresponding to the L.A. claim.

3. The plan documents Cigna identified as corresponding to the L.A. claim (Ex. D to the Nguyen Declaration).

4. First claim form for patient P.B., including its attachments.

5. Remittance Advice for the first P.B. claim.

6. Comparative Remittance Advice from another payer for the same coding under the first P.B. claim.

7. Second claim form for patient P.B., including its attachments.

8. Remittance Advice dated 02/19/2014 for the second P.B. claim.

9. Remittance Advice dated 04/23/2014 for the second P.B. claim.

10. Comparative Remittance Advice from another payer for the same coding under the second P.B. claim.

11. The plan documents Cigna identified as corresponding to the P.B. claims (Ex. F to the Nguyen Declaration).

12. Claim form for patient W.C., including its attachments.

13. Remittance Advice for the W.C. claim.

14. Comparative Remittance Advice from another payer for the same coding under the W.C. claim.

15. The plan documents Cigna identified as corresponding to the W.C. claim (Ex. J to the Nguyen Declaration).

16. Claim form for patient C.D.

17. Remittance Advice for the C.D. claim.

18. First Remittance Advice for patient S.D. (the first claim form is not on file).

19. Comparative Remittance Advice from another payer for the same coding under the first S.D. claim.

20. Second claim form for patient S.D., including its attachments.

21. Remittance Advice for the second S.D. claim.

22. Comparative Remittance Advice from another payer for the same coding under the second S.D. claim.

23. The plan documents Cigna identified as corresponding to the S.D. claims (Ex. K to the Nguyen Declaration).

24. Claim form for patient L.D.

25. Remittance Advice for the L.D. claim.

26. The plan documents Cigna identified as corresponding to the L.D. claims (Ex. G to the Nguyen Declaration).

27. Claim form for patient S.H.

28. Remittance Advice for the S.H. claim.

29. Comparative Remittance Advice from another payer for the same coding under the S.H. claim.

30. The plan documents Cigna identified as corresponding to the S.H. claim (Ex. 0 to the Nguyen Declaration).

31. Claim form for patient T.H.

32. Remittance Advice for the T.H. claim.

33. Comparative Remittance Advice from another payer for the same coding under the T.H. claim.

34. The plan documents Cigna identified as corresponding to the T.H. claim (Ex. CC to the Nguyen Declaration).

35. The operative note and authorization letter from Cigna for patient P.L. (the claim form itself is not on file).

36. Remittance Advice for the P.L. claim.

37. Comparative Remittance Advice from another payer for the same coding under the P.L. claim.

38. The plan documents Cigna identified as corresponding to the P.L. claim (Ex. P to the Nguyen Declaration).

39. Claim form for patient C.M.

40. Remittance Advice for the C.M. claim.

41. Comparative Remittance Advice from another payer for the same coding under the C.M. claim.

42. The plan documents Cigna identified as corresponding to the C.M. claim (Ex. BB to the Nguyen Declaration).

43. Claim form for patient R.R. and its attachments.

44. Remittance Advice for the R.R. claim.

45. Comparative Remittance Advice from another payer for the same coding under the R.R. claim.

46. The plan documents Cigna identified as corresponding to the R.R. claim (Ex. S to the Nguyen Declaration).

47. Claim form for patient M.S. and its attachments.

48. Remittance Advice for the M.S. claim.

49. Comparative Remittance Advice from another payer for the same coding under the M.S. claim.

50. The plan documents Cigna identified as corresponding to the M.S. claim (Ex. T to the Nguyen Declaration).

51. Remittance Advice for the C.S. claim (the claim form for patient C.S. is not on file).

52. Comparative Remittance Advice from another payer for the same coding under the C.S. claim.

53. The plan documents Cigna identified as corresponding to the C.S. claim (Ex. V to the Nguyen Declaration).

54. Remittance Advice for the T.S. claim (the claim form for patient T.S. is not on file).

55. Comparative Remittance Advice from another payer for the same coding under the T.S. claim.

56. The plan documents Cigna identified as corresponding to the T.S. claim (Ex. W to the Nguyen Declaration).

57. Claim form for patient C.T. and its attachments.

58. Remittance Advice for the C.T. claim.

59. Comparative Remittance Advice from another payer for the same coding under the C.T. claim.

60. The plan documents Cigna identified as corresponding to the C.T. claim (Ex. X to the Nguyen Declaration).

61. Claim form for patient C.W.(R.) and its attachments.

62. Remittance Advice for the C.W. claim.

63. Comparative Remittance Advice from another payer for the same coding under the C.W. claim.

64. The plan documents Cigna identified as corresponding to the C.W. claim (Ex. R to the Nguyen Declaration).

65. Claim form for patient R.D. and its attachments.

66. Remittance Advice for the R.D. claim.

67. California Code of Regulations, title 28, section 1300.71, subdivision (a)(3).

68. Bernstein v. Health Net Life Insurance Company, Civil No. 12-Cv-00717 AID (JMA) (S.D. Cal. Nov. 29, 2012).

69. Texas Center for Obesity Surgery, PLLC V. United Healthcare of Texas Inc., Civil Action No.3: 13-Cv-0922-M (N.D. Tex. Feb. 27, 2014).

70. Medical and Chirurgical v. Aetna U.S. Healthcare, 221 F. Supp. 2d 618 (D. Md. 2002).

71. Declaration of Emily Russell in support of Motion for summary judgment or summary adjudication.

72. Affidavit of Cheri Baron in support of Cigna's opposition to plaintiff's motion to remand.

73. The docket in its entirety where not otherwise specified.

74. Screen capture from Hackert's billing service flagging for review a claim where a certain box was preliminarily left unchecked during the generation of a claim.

ATTACHMENT D: Cigna's Exhibit List

1. Deposition of John B. Hackert dated May 6, 2016.
2. Health Insurance Claim Form 1500 (Hackert's bills to Cigna) for all 32 claims.
3. Explanation of Benefits (Cigna's payments to Hackert) for all 32 claims.
4. Health Plan Documents for all 32 claims.
5. Cigna Reimbursement Policy – Assistant Surgeons.