UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. HACKERT, M.D.<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTH CORPORATION; CIGNA HEALTHCARE OF CALIFORNIA, INC.; and DOES 1-10,<br><br>Defendants. | Civ. No. 2:15-cv-01248-KJM-CKD PS<br><br>ORDER |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTH CORPORATION; CIGNA HEALTHCARE OF CALIFORNIA, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>JOHN B. HACKERT, M.D.,<br><br>Counterdefendant. | |

1

This ERISA action is scheduled for trial on November 13, 2017. Only seven counterclaims remain to be tried. First Am. Countercomplaint ("CounterCompl."), ECF No. 11. Counterclaim defendant John B. Hackert requests a jury trial on all claims. *See* Hackert Br., ECF No. 75; *see also* Jury Demand, ECF No. 22-1. Counterclaimant Cigna Health and Life Insurance Company, Cigna Health Corporation, and Cigna Healthcare of California, Inc. (collectively "Cigna") objects to a jury trial on five of the seven claims. Cigna Br., ECF No. 82. The court finds Hackert is entitled to a jury trial on a threshold factual issue and on two claims.

I. BACKGROUND

Hackert, a surgeon, provided services to patients who were either covered under Cigna's health insurance policy or a self-funded plan Cigna administered. Final Pretrial Order, ECF No. 78, at 2. Hackert initially sued Cigna in state court, alleging Cigna underpaid him on 32 patient claims. *Id.* Cigna removed the case based on ERISA[1] preemption and then asserted seven counterclaims. *Id.* Because the court granted summary judgment for Cigna on Hackert's claims, only Cigna's counterclaims remain. *Id.*

The counterclaims allege Hackert misrepresented that Cigna members had assigned to Hackert their right to receive Cigna's medical benefits. CounterCompl. ¶¶ 5, 7. Cigna contends either that no such assignment was made, or if it was, the amounts Cigna paid Hackert exceeded contractual requirements. *Id.* ¶¶ 7, 8. Cigna sues Hackert for (1) recovery of overpayment of benefits under 29 U.S.C. §1132(a)(3); (2) unjust enrichment; (3) constructive trust; (4) money had and received; (5) fraud; (6) negligent misrepresentation; and (7) unfair competition in violation of Business and Professions Code § 17200 *et seq*. *Id*. ¶¶ 10-53.

II. DISCUSSION

The Seventh Amendment guarantees the right to a jury trial in "[s]uits at common law, where the value in controversy shall exceed twenty dollars[.]" U.S. Const. Amend. VII. When a civil defendant demands a jury trial, the court must oblige, unless "the court, on motion

---

[1] ERISA, which is the acronym for the Employment Retirement Income Security Act of 1974, is a federal law establishing national minimum standards for private employee welfare benefit plans. Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461) (2006).

or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39. Where actions are brought in equity, and seek only equitable relief, the Seventh Amendment does not secure a right to jury trial. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citations omitted).

This case involves alternative counterclaims, meaning a threshold issue determines whether the remaining claims shall be tried by a jury or tried by the bench. The threshold question is whether Cigna members assigned their benefits to Hackert.

If the Cigna members did assign their benefits to Hackert, that finding triggers Cigna's first, second, third and fourth claims, which seek to recover Cigna's alleged overpayments based on these assignments. CounterCompl. at 4-6. There is no right to a jury trial on these counterclaims because Cigna seeks only equitable remedies in the form of a refund of the overpaid amounts, and the counterclaims are brought under section 502(a)(3) of ERISA. The Ninth Circuit has made clear no right to a jury trial attaches to such claims. *Thomas v. Or. Fruit Prod. Co.*, 228 F.3d 991, 997 (9th Cir. 2000) ("[W]e hold that the remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries."). These counterclaims will be tried to the court.

Alternatively, if Hackert did not receive benefits assignments, that finding triggers Cigna's fifth, sixth and seventh counterclaims. That is, if Cigna members did not assign their benefits to Hackert, then Hackert's misrepresentations regarding assignments give rise to Cigna's alternative claims for fraud, misrepresentation, and unfair business practices. CounterCompl. at 6-9. The fraud and negligent misrepresentation claims raise factual issues ripe for a jury's consideration. But the unfair business practices claim, which seeks only equitable remedies, must be tried by a judge, not a jury. *Id.* at 9 (seeking injunctive relief, restitution or disgorgement of funds).

A jury demand may be made as to a single issue in a case. Fed. R. Civ. P. 38(c). If a party's jury demand does not specify to which issues it pertains, the party is "considered to have demanded a jury trial on all the issues so triable." *Id.* Hackert's jury trial demand was not

issue specific, and so the court construes the demand as extending to this threshold benefits assignment issue. The court must honor this request, unless the request is withdrawn or the parties consent to a bench trial on the threshold issue. Fed. R. Civ. P. 39 (providing a matter will be removed from the jury docket only if all parties stipulate to a nonjury trial). Accordingly, the court will empanel a jury to decide the threshold issue, with a bench or jury trial to follow depending on how the initial issue is resolved.

III. CONCLUSION

Hackert is entitled to a jury trial on the threshold assignment issue and on two of Cigna's counterclaims to the extent they are tried at all. His demand for a jury trial on all other claims and issues is DENIED.

Given the alternative pleadings, and unless otherwise stipulated, a jury trial shall address the first threshold question: Whether Hackert received benefits assignments. If he did, the fifth and six claims are moot and the bench will preside over all remaining claims. If Hackert did not receive benefits assignments, a jury will hear the fifth and sixth claims, and a bench trial will follow on the seventh claim.

IT IS SO ORDERED.

DATED: October 30, 2017.

_____
UNITED STATES DISTRICT JUDGE